IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL L. BEUSGENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-43-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SCOTT GALLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

    Plaintiff Pro Se

Lloyd Bernstein
Maren J. Holmboe
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff Michael Buesgens brings suit against Scott Galloway for what appears to boil down to the defendant's alleged refusal to provide testimony relevant to plaintiff's previous eviction proceedings. Defendant has filed a Motion to Dismiss (#6), to which plaintiff has not yet filed a response. Currently before the court are numerous motions filed by plaintiff: Motion for Appointment of Counsel (#11), Motion for this Court's Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17), and Motion to Exceed Page Limitations (#16).

**DISCUSSION**

I.   Motion to Exceed Page Limitations

I grant plaintiff's motion to exceed page limitations. However, I note that most of the information plaintiff includes in his motions is repetitive and irrelevant to the motion itself. I recognize, however, that plaintiff handwrites his motions and supporting memoranda. Accordingly, I merely urge plaintiff to carefully consider the content of his submissions to this court and attempt to meet page limitations in the future.

II.   Motion for Appointment of Counsel

Plaintiff requests that I appoint counsel to represent him in this action because, among other reasons, "giant law firms [have] every resource available and a complete lack of any ethical principles known to man or beast." Pl.'s Mot. at 13.

Generally, there is no constitutional right to counsel in a civil case. United States v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995) ("$292.888.04"); United States v. 30.64 Acres of

Page 2 - OPINION AND ORDER

Land, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1) (formerly § 1915(d)),[1] this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  $292,888.04, 54 F.3d at 569; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment.  Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 301-08 (1989).  There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved.  $292,888.04, 54 F.3d at 569; Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331.  However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)."  Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

I do not find that exceptional circumstances exist to warrant an effort by the court to obtain volunteer counsel for plaintiff.  The allegations contained in the Complaint do not demonstrate a strong likelihood of success on the merits.  Furthermore, plaintiff has sufficiently articulated the basis of his claim, and the legal issues are not so complex that counsel would be necessary.  I deny the motion for appointment of counsel.

---

[1] The text of 28 U.S.C. § 1915(e)(1) reads "[t]he court may request an attorney to represent any person unable to afford counsel."

Page 3 - OPINION AND ORDER

Given this ruling, I deny as moot plaintiff's Motion to Stay pending a decision on plaintiff's Motion for Appointment of Counsel.

III.   Motion for Verification of Pleadings

Plaintiff requests that this court order defendant to "verify with his signature every pleading or motion filed by his law firm." Pl.'s Mot. at 2. Plaintiff then itemizes the attempts to serve defendant, and urges that the "John Doe" named by the process server, is, in fact, defendant. However, defendant admits that "service took place on January 18[.]" Def.'s Memo. in Support of Rule 12 Mot. at 2. Furthermore, no federal rule of civil procedure requires a represented party to sign motions and pleadings. Rather, Federal Rule of Civil Procedure 11 requires the *attorney* representing a party to sign pleadings and motions. Plaintiff's motion is denied.

IV.   Motion for Discovery and Disclosure and Motion for Court's Order

Plaintiff demands discovery of "letters and pleadings and motions provided to him by Michael L. Buesgens in 2006 for pending civil action in Austin, Texas and Fifth Circuit Court of Appeals." Pl.'s Mot. for Discovery at 2. First, these are materials that plaintiff should have as he sent them to defendant in the first place. Second, Federal Rule of Civil Procedure 26(d) prohibits a party from seeking discovery "before the parties have conferred as required by Rule 26(f)." Local Rule 26.1 requires the parties to hold the FRCP 26(f) initial conference within thirty days after all defendants have been served. However, I order that the parties need not confer until after the court issues an Opinion and Order on defendant's Motion to Dismiss. Until then, plaintiff is prohibited from seeking discovery. Plaintiff's motion is denied.

Page 4 - OPINION AND ORDER

In a separate motion entitled, "Motion for Court's Order," plaintiff requests documents from State Farm and Blue Cross Blue Shield. It is unclear to me at this time whether this information is "relevant to the claim or defense of any party," pursuant to Federal Rule of Civil Procedure 26(b)(1). Regardless, because I have ruled that the parties are to delay conferral on discovery issues until after this court issues a decision on defendant's Motion to Dismiss, plaintiff's motion is denied at this time.

V.  Motion for Default Judgment No. 2 and Motion for Reconsideration

By minute order issued February 13, 2007, I denied plaintiff's Motion for Default Judgment, stating "[d]efendant was served on January 18, 2007, and filed a Motion to Dismiss within the time required by Rule 12. Accordingly, Plaintiff's Motion for Default Judgment is denied." Docket Entry No. 10.

Plaintiff insists in this newly filed motion that defendant avoided service, and that plaintiff is entitled to default judgment.

A Motion for Reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these grounds exist here. Plaintiff's motion is denied.

///


///

## CONCLUSION

Plaintiff's Motion to Exceed Page Limitations (#16) is granted. Plaintiff's Motion for Appointment of Counsel (#11), Motion for this Court's Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), and Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17) are denied.

This court further prohibits plaintiff from filing any additional motions until after this court issues an Opinion and Order on defendant's Motion to Dismiss unless plaintiff first requests permission from the court to do so.

Finally, the parties are prohibited from seeking discovery until after this Court issues an Opinion and Order on defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated this      20th      day of February, 2007.

                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge