IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL L. BEUSGENS,                    )
                                        )
                    Plaintiff,          )       Civil Case No. 07-43-KI
                                        )
        vs.                             )       OPINION AND ORDER
                                        )
SCOTT GALLOWAY,                         )
                                        )
                    Defendant.          )


        Michael L. Buesgens
        3112 Windsor Road, #A322
        Austin, Texas  78703

            Plaintiff Pro Se

        Lloyd Bernstein
        Maren J. Holmboe
        Bullivant Houser Bailey P.C.
        300 Pioneer Tower
        888 S.W. Fifth Avenue
        Portland, Oregon  97204-2089

            Attorneys for Defendant


Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff Michael Buesgens brings suit against defendant Scott Galloway for what appears to boil down to the defendant's alleged refusal to provide testimony relevant to plaintiff's previous eviction proceedings.  Currently before the court is defendant's Motion to Dismiss (#6).

## BACKGROUND

Plaintiff makes the following allegations in his complaint:

Plaintiff, a 56-year old man, lived in an apartment at the Falcon Ridge Apartments in Austin, Texas in 2005.  Defendant, an Oregon resident, is the step-father of plaintiff's former neighbor, Megan M. Goeres.

According to the allegations in his complaint, plaintiff complained to Goeres, Animal Control, the Austin City Police, and the owners of Falcon Ridge Apartments about Goeres' 80-pound weimaraner dog who was left inside while Goeres was at work.  The "high energy weimaraner dog constantly ran back and forth on the ceiling of plaintiff Michael L. Buesgens apartment, aggravating his disability–bipolar."  Complaint at ¶ 12.

In late 2005, defendant visited Goeres at her apartment in Austin, and spoke briefly with plaintiff when plaintiff complained to defendant about noise.

Plaintiff made a reasonable accommodation request with Falcon Ridge Apartments on December 22, 2005 and filed a HUD complaint on December 28, 2005.

A complaint to evict plaintiff was filed on December 30, 2005.  Plaintiff's eviction trial was held on January 26, 2006, and the appeal was resolved on June 16, 2006.

Page 2 - OPINION AND ORDER

Meanwhile, plaintiff filed a housing discrimination lawsuit on January 23, 2006 which, it appears from my independent review of the docket, was removed to federal court on March 29, 2006.  Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. 2006).

In July 2006, plaintiff's belongings were removed from his apartment, and he was admitted to Seton Shoal Creek Hospital in Austin, Texas for "treatment of his bipolar disability that decompensated by the foregoing adverse actions."  Complaint at ¶ 30.

In August 2006, plaintiff began mailing to defendant's home in Oregon copies of papers plaintiff had filed in various lawsuits, some of which named Goeres as a defendant, "requesting his testimony."  Complaint at 13.[1]

On January 7, 2007, defendant received a phone call from plaintiff asking if defendant would testify in one of plaintiff's lawsuits.  Defendant told plaintiff to stop bothering him and hung up the phone.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if plaintiff alleges the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (quotation omitted).[2]  Such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id.  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

---

[1]All citations to the Complaint are to page numbers as opposed to paragraph numbers since plaintiff starts his numbering over again in each section of his Complaint.

[2]Abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id.
(internal citations and quotations omitted).

In Parrino v. FHP, Inc., the court held "a district court ruling on a motion to dismiss may
consider a document the authenticity of which is not contested, and upon which the plaintiff's
complaint necessarily relies."  146 F.3d 699, 706 (9th Cir. 1998), abrogated on other grounds by
Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006).  In addition, the court
may take judicial notice of documents that are "a matter of general public record," including
orders and decisions made by other courts, without converting the motion to dismiss into a
motion for summary judgment.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.
1988).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the
deficiencies in the complaint and grant leave to amend.  Eldridge v. Block, 832 F.2d 1132, 1136
(9th Cir. 1987).  However, the court may dismiss a *pro se* complaint outright when it is
"absolutely clear that the deficiencies of the complaint could not be cured by amendment."
Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

## DISCUSSION

Plaintiff appears to bring claims based on 42 U.S.C. §§ 1983, 1985, 1986, the Fair
Housing Act, Rehabilitation Act, Americans with Disabilities Act, negligent and fraudulent
concealment of evidence, interference with contract, and the Uniform Residential Landlord
Tenant Act.  He seeks compensatory damages, punitive damages, equitable relief, legal expenses,
attorney fees, $1,245,000, and liquidated damages.

Plaintiff does not allege facts specific to each legal theory but, rather, merely recites the statutes set forth above.  Nevertheless, I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and in reviewing plaintiff's complaint I have afforded him the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

I.    Section 1983

Beginning with any claim plaintiff may have under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff does not allege the conduct that purportedly violated his constitutional rights was an action taken under color of state law within the meaning of Section 1983.  Private parties do not generally act under color of state law.  Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Indeed, plaintiff does not allege any conduct on defendant's part which even suggests that defendant's actions were state actions.  Indeed, plaintiff recognizes in his response to defendant's motion to dismiss that defendant is a delivery driver for United Parcel Service here in Oregon.  Pl. Buesgens Notice of Evidence and Facts (Docket #22) at 20.  As a result, plaintiff fails to state a claim under Section 1983 and, since defendant is not a state official or employee, nor can he be said to be acting under color of state law, plaintiff cannot amend his complaint to bring defendant within the purview of Section 1983.

II.    Sections 1985 and 1986

Section 1985 prohibits conspiracies that interfere with certain civil rights.  To state a cause of action under Section 1985, a plaintiff must allege and prove at least three elements:  (1)

Page 5 - OPINION AND ORDER

a conspiracy; (2) an act in furtherance of this conspiracy; (3) whereby a person is either injured in

his person or property or deprived of any right or privilege of a citizen of the United States.

United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)

(discussing elements of 42 U.S.C. § 1985(3), which the court concluded includes the requirement

that defendant be motived by "some racial, or perhaps otherwise class-based, invidiously

discriminatory animus").

  Here, plaintiff does not allege with whom defendant conspired, but contends only that

defendant "collusively withheld evidence and testimony" and that defendant "participated in a

civil conspiracy that deprived plaintiff . . . of his civil rights in all forums."  Complaint at 9.

However, "[a] mere allegation of conspiracy without factual specificity is insufficient" to state a

claim for violation of Section 1985.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621,

626 (9th Cir. 1988).

  In addition, plaintiff's own allegations and the public record do not support a claim that

defendant withheld evidence or testimony.  The allegations place the majority of plaintiff's

lawsuits in early 2006, before plaintiff alleges having sent defendant any materials related to

plaintiff's lawsuits, and before plaintiff alleges having called defendant.  See Complaint at 3

(HUD complaint filed December 28, 2005); Complaint at 4-5, 16-17 (eviction proceedings,

which concluded July 6, 2006, including attempted removal to federal court in Civil Action

06CA260 LY); cf. Complaint at 13-14 (plaintiff sent defendant materials "requesting his

testimony" in August 2006, and called him January 7, 2007).  Moreover, plaintiff does not allege

that defendant failed to respond to a subpoena pursuant to Federal Rule of Civil Procedure 45, or

that defendant was otherwise required to testify.

It appears that the only civil action pending during the time plaintiff sent copies of materials to defendant was plaintiff's housing discrimination complaint, which he filed January 23, 2006. However, that complaint was dismissed with prejudice on December 6, 2006 when the court found plaintiff failed to comply with his discovery obligations and failed to respond to orders of the court. Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. Dec. 6, 2006) (Order (Docket #196)). It appears from that court's docket that plaintiff requested subpoenas and testimony from third parties on three occasions, but not one of them listed defendant as a person from whom plaintiff wanted information. See id. (Motion for Issuance of Subpoena (Docket #120); Motion to Order Testimony or In the Alternative an Affidavit (Docket # 185); Notice of Filing Subpoenas (Docket # 189)).[3]

Although plaintiff alleges he appealed the eviction decision to the Court of Appeals of Texas, and appealed his federal housing discrimination lawsuit to the Ninth Circuit, the appellate courts limit their review to the evidence submitted to the trial court. See Tex. R. App. 34.1, 34.5, 34.6, and Fed. R. App. P. 10. Accordingly, any demand for testimony or evidence that plaintiff may have made would be irrelevant to any ongoing litigation. In sum, plaintiff fails to state a claim for violation of Section 1985, and would be unable to amend his complaint to do so.

Plaintiff cannot bring a Section 1986 cause of action unless he has properly alleged facts supporting a Section 1985 claim. Karim-Panahi, 839 F.2d at 626. Accordingly, plaintiff fails to state a claim for a Section 1986 violation.

---

[3]In addition to the allegations in his Complaint, plaintiff reiterates many of these facts in his Motion for Judicial Notice (#19). I denied the motion at the time, but I have since considered the motions and court orders filed in Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. 2006).

III.    Fair Housing Act, Rehabilitation Act, Americans with Disabilities Act

Plaintiff's claim under the Fair Housing Act must also fail because there is no indication in plaintiff's Complaint that plaintiff and defendant had a landlord/tenant relationship, or that defendant offered housing for sale or provided brokerage services to plaintiff.  Indeed, as I indicate above, plaintiff recognizes that defendant is a delivery driver for United Parcel Service here in Oregon.  Similarly, plaintiff fails to state a claim under the Rehabilitation Act because defendant is not a "program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a); Becker v. State of Oregon, 170 F. Supp. 2d 1061, 1067 (D. Or. 2001) ("overwhelming majority of reported cases . . . have held . . . there is no individual liability under the RA").

As for plaintiff's ADA claim, plaintiff does not allege the section upon which he bases his claim.  Title I prohibits disability discrimination in employment, Title II prohibits disability discrimination in public services, by a public entity, and Title III prohibits disability discrimination in the provision of public accommodations.  The latter is the only potential section of the ADA that could afford plaintiff relief.  However, plaintiff does not allege that defendant is a "person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Moreover, plaintiff could not amend his complaint to make such an allegation because plaintiff recognizes that defendant is a delivery driver for United Parcel Service here in Oregon.

IV.    Interference with Contract and Uniform Residential Landlord Tenant Act

Plaintiff claims interference with his residential apartment lease contract.  The elements of the tort of intentional interference with economic relations are:  (1) the existence of a professional or business relationship, which could be a contract or a prospective economic

advantage; (2) intentional interference with the relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. McGanty v. Staudenraus, 321 Or. 532, 535, 901 P.2d 841 (1995). Plaintiff fails to allege any facts even remotely suggesting that defendant intentionally interfered with plaintiff's lease. Plaintiff fails to state a claim against defendant on this basis.

With regard to plaintiff's claim under the Uniform Residential Landlord Tenant Act, that Act has not been adopted in Texas. Unif. Residential Landlord & Tenant Act Refs & Annos, Table of Jurisdictions Wherein Act has Been Adopted (1972). Accordingly, because plaintiff rented his apartment in Austin, Texas, and because that Act is inapplicable there, plaintiff fails to state a claim for any violation of the Uniform Residential Landlord Tenant Act.

V.    Fraudulent and Negligent Concealment of Evidence

Plaintiff alleges "fraudulent concealment of evidence" for "affirmatively preventing discovery in pending civil actions that he was aware of." Complaint at 6. Plaintiff alleges defendant had information "necessary to establish the crucial elements of plaintiff Michael L. Buesgens claims" in several listed lawsuits. Complaint at 7. These are the sole allegations against defendant for this purported activity. Accordingly, plaintiff fails to state his claim with the specificity required by Federal Rule of Civil Procedure 9(b). Pursuant to that standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud . . . so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff does not allege what defendant knew or how it would have helped plaintiff.

In addition, as I note above, plaintiff makes no allegation that defendant was served with a subpoena pursuant to Federal Rule of Civil Procedure 45, or that defendant was otherwise required to testify.  Indeed, plaintiff's own allegations and the public record reflect that plaintiff's eviction proceeding had come to a close by the time plaintiff allegedly contacted defendant. Furthermore, plaintiff's housing discrimination lawsuit had been dismissed for failure to comply with discovery requirements or orders of the court before plaintiff purportedly called defendant, and none of the subpoena requests filed by plaintiff were directed at this defendant.  As a result, plaintiff's claim against defendant for fraudulent concealment of evidence must be dismissed.

Finally, plaintiff's allegation that defendant negligently withheld evidence must also fail. Plaintiff does not allege that defendant owed plaintiff a duty or that defendant breached that duty. Plaintiff makes no allegation that defendant was served with a subpoena pursuant to Federal Rule of Civil Procedure 45, or that defendant was otherwise required to testify.  I also reiterate that plaintiff's allegations and the public record do not reflect that plaintiff sought testimony from defendant related to any ongoing litigation.

VI.   <u>Conclusion</u>

Because plaintiff filed his complaint pro se, I must permit him to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Karim-Panahi</u>, 839 F.2d 621 at 623 (citation omitted).  Here, plaintiff would be unable to remedy the deficiencies in his pleading and his complaint must be dismissed with prejudice.

Page 10 - OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss (#6) is granted, and this

complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____7th_____ day of June, 2007.


                                        __/s/ Garr M. King_____
                                        Garr M. King
                                        United States District Judge

Page 11 - OPINION AND ORDER